|  |  |
|---|---|
| S.E., by his legal guardian J.I., <br> J.H., by his legal guardian C.D., <br> on behalf of a class of those similarly situated, <br>          Plaintiffs, <br><br> vs. <br><br> DELAWARE STATE BOARD OF EDUCATION <br>          Defendant. | Civil No. <br><br> **CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs S.E. and J.H, on their own behalf and on behalf of a class of those similarly situated, bring this Complaint against Defendant Delaware Department of Education ("DDOE"), and aver and allege as follows:

### INTRODUCTION

This is a class action to establish the rights of Plaintiffs S.E. and J.H, and the class they seek to represent, to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). The IDEA requires that participating states, such as Delaware, make a FAPE available to students until they either receive a high school diploma or reach the age of 22 years. Pursuant to state law and its own regulations, however, the defendant Delaware Department of Education ("DDOE") terminates eligible students' right to receive a FAPE at the end of the school year in which the student turns 21 years of age. This early termination unlawfully deprives some of Delaware's most impaired students of months, up to one year, of education.

Plaintiff S.E. had his eligibility for special education services ended before he turned 22 years of age and while he was living at a residential boarding school where he had been placed by his local school district. As a result of having his services terminated earlier than federal law allows, S.E. missed valuable educational opportunities.

Plaintiff J.H. qualifies for and receives special education services through his local school district. He would meaningfully benefit from staying in school until he reaches the age of 22 years. However, unless the Court grants him a remedy, his special education services will be terminated in August 2024, and he will miss an entire year of education to which he is entitled under federal law.

Generally, students who do not receive a high school diploma, and remain in the special education system until their early twenties, are among the students who have the most significant disabilities and the most significant educational needs. Yet, the State of Delaware ends their eligibility for a FAPE earlier than is permitted by federal law. Laws and regulations similar to those in Delaware have been challenged in the United States Courts Appeals for the First, Second, and Ninth Circuits, and in each case, the courts have held that such laws and regulations violate the IDEA. Plaintiffs S.E. and J.H., on their own behalf and on behalf of the class they seek to represent, now file this lawsuit to vindicate their right to receive a FAPE until they reach the age of 22 years and are seeking declaratory relief, an injunction, and compensatory education.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because such claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 *et seq*.

2. This Court has jurisdiction to award declaratory and preliminary and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in this district pursuant to 28 U.S.C. § 139l(b) because the DDOE resides in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

4. Exhaustion of administrative remedies is not required before this Court may exercise jurisdiction over Plaintiffs' claims. As the Third Circuit has recognized, exhaustion is not required where (1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; or (4) exhaustion would cause severe or irreparable harm. *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014). Clearly, it would be futile to ask the DDOE, through its own administrative process, to be a party to litigation against it and to then ignore a state law and its regulation implementing that law. DDOE cannot grant the relief plaintiffs seek. This case, moreover, presents the purely legal question of whether Delaware law is consistent with the IDEA.

## THE PARTIES

<u>Plaintiff S.E.</u>

5. Plaintiff S.E. is an individual with a disability who turned 21 years old on December 21, 2019.

6. S.E. was provided a FAPE under the IDEA by the Local Educational Agency ("LEA") for his region, the Brandywine School District, but as of October 2020 was denied such an education because he had reached the age of 21 years during the school year that ended on or about August 31, 2020.

7. S.E. has been diagnosed as having an autism spectrum disorder and moderate

intellectual disability.

8. S.E. would have meaningfully benefited from continued special education and related services under the IDEA. He was placed at a private residential school that specializes in educating children with autism. Because of his disability, he required a supportive and structured environment to develop his academic and independent living skills.

9. S.E. did not receive a high school diploma

10. S.E. was exited from special education services in October 2020. This was after the last day of the school year in which he turned 21. Because of the COVID-19 pandemic, could not be moved from the boarding school where he resided at the time. Despite his "extended stay" at the boarding school, Plaintiff S.E.'s special education services under the IDEA were still terminated before his 22nd birthday.

11. S.E. proceeds under a pseudonym because this Complaint discloses sensitive, private information about his medical conditions and diagnoses, including mental health information, information to which he has a right of privacy protected by federal and state law.

12. S.E. sues through his mother and legal guardian, Plaintiff J.I., because of his autism spectrum disorder, intellectual and communication disabilities.

13. S.E. has significant disabilities, and J.I. was appointed to be his legal guardian by Order of the Delaware Court of Chancery dated September 27, 2018. J.I. sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of Plaintiff S.E.

Plaintiff J.H.

14. Plaintiff J.H. is an individual with a disability who will turn 21 years of age on August 18, 2024.

15. J.H. is being provided a FAPE under the IDEA by the LEA for his region, the Capital School District, but as of August 2024 will be denied such an education because he will have reached the age of 21 during the school year that ends on or about August 31, 2024.

16. J.H. has been diagnosed as having ADHD, a seizure disorder, and a mild intellectual disability.

17. J.H. needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability, he requires a supportive and structured environment to develop his academic and prevocational skills.

18. J.H. has not received a high school diploma and is not on track to receive a high school diploma.

19. J.H. proceeds under a pseudonym because this Complaint discloses sensitive, private information about his medical conditions and diagnoses, including mental health information, information to which he has a right of privacy protected by federal and state law.

20. J.H. sues through his mother and legal guardian, Plaintiff C.D., because of his intellectual disabilities.

21. J.H. has significant disabilities, and C.D. was appointed to be his legal guardian by Order of the Delaware Court of Chancery dated December 3, 2021. C.D. sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of J.H.

Defendant DDOE

22. Defendant Delaware Department of Education is responsible for providing public education for Delaware residents, both children and adults. The DDOE's responsibilities include the supervision and control of special education and adult education in Delaware. 14 Del. C. §3110(a) and 14 Del. C. §122(b)(18).

23. Delaware receives funds under the IDEA for special education. As such, under the IDEA, DDOE is responsible for ensuring that the LEAs under the DDOE's supervision and control provide appropriate special education services to Delaware residents. Specifically, 20 U.S.C. § 1407 provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." Similarly, 20 U.S.C. § 1412(11) requires that the State's primary educational agency "is responsible for ensuring that - (i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met."

24. DDOE is the primary educational agency in Delaware.

25. DDOE "is designated as the state agency that, with the approval of the State Board, shall make rules and regulations to carry out this and other titles relative to the identification, evaluation, education, training, and transportation of exceptional children [i.e., students with disabilities] …" 14 Del. C. §3110(a).

26. Pursuant to 14 Del. C. §122(b), DDOE is required to provide public education to adults. "The Department *shall prescribe* rules and regulations: … (18)[p]roviding for the operation of adult education and family literacy programs including, but not limited to, adult basic education, literacy education, *adult high school*, prison education, apprenticeship programs and family literacy. ...." (emphasis added).

27. As set forth below, the LEAs and other entities under the DDOE's funding, supervision, and control provide public education, including elementary and secondary education, to adults.

## FACTUAL ALLEGATIONS

28. The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities … between the ages of 3 and 21, *inclusive* . . . ." 20 U.S.C. § 1412(a) (emphasis added). Eligibility under the IDEA for special education and related services ends, therefore, when a student reaches 22 years of age.

29. States may limit age eligibility for special education students. However, it may do so **only** to the extent it is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children-
>
> (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges ...
>
> 20 U.S.C. § 1412(a)(l)(B).

30. Thus, under the IDEA, DDOE is obliged to treat special education students the same as general education students with respect to age eligibility.

31. The attempted or actual termination of a FAPE for Plaintiffs S.E. and J.H. was and will be pursuant to statutes and regulations that affect only students with disabilities. 14 Del. C. §3120 provides in relevant part that "[t]he State shall provide … that each child with a disability as defined in this chapter shall receive a free and appropriate public education

designed to meet that child with a disability's own needs." 14 Del. C. §3101(1) and (2) define a child with a disability as a person who is "a person of 3 years of age, or an earlier age if otherwise provided in this title, until the receipt of a regular high school diploma *or the end of the school year in which the person attains the age of 21*, whichever occurs first." (emphasis added) These statutes are implemented by 14 DE Admin. Code §923.1.2, which provides in relevant part that "[a] free appropriate public education (FAPE) shall be available to all children with disabilities residing in Delaware … until the receipt of a regular high school diploma or the *end of the school year in which the child attains the age of twenty-one (21)*, whichever occurs first …" (emphasis added)

32. For purposes of these laws and regulations, the school year runs from the end of a school district's Extended School Year session by September 1st, through August 31st of the following year.

33. No school district in Delaware provides qualifying students with a FAPE until they reach the age of 22 years.

34. 14 Del. C. §3101(1) and (2), 14 Del. C. §3120, and 14 DE Admin. Code §923.1.2 purport to terminate the entitlement of Delaware residents to a FAPE under the IDEA at the conclusion of the school year in which that resident turns 21. These laws and regulations cannot do so consistent with 20 U.S.C. § 1412(a)(l)(B), however, because they apply only to special education students and not to non-special education students.

35. There is no Delaware law or regulation that imposes an age limitation of 21 on the entitlement to public education generally. To the contrary, Delaware law directs DDOE to provide programs of public education, including secondary education, to adults. 14 Del. C. §122(b)(18).

36. There is no Delaware practice with respect to public education generally that is inconsistent with providing special education students a FAPE until the age of 22. To the contrary, it is the practice of the school districts and other entities under the DDOE's supervision and control to offer programs of public education to adults, including an adult high-school diploma or GED. These programs are intended to be the functional equivalent of a secondary education.

37. DDOE operates and funds the James H. Groves Adult High School ("Groves High School"). Groves High School provides educational opportunities at the high school level that lead to a State of Delaware High School Diploma.

38. "Delaware is one of the few states which has accepted full responsibility for developing a public (tuition-free) adult high school accommodating those needing an alternative to a regular day-school program." *James H. Groves Adult High School Student Handbook 2020-2021*. http://polytechworks.com/wp-content/uploads/2021/01/20_21-Groves-handbook.pdf.

39. Groves High School operates campuses and centers at six LEAs within the state, four correctional institutions, and one distance learning center. *Delaware Adult Education Annual Report FY21, Changing the Present and Transforming the Future,* *https://www.doe.k12.de.us/cms/lib/DE01922744/Centricity/Domain/164/FY21%20Adult%20Ed%20Annual%20Report.pdf*.

40. Students at Groves High School can participate in adult education programs such as literacy programs and English as a second language and can also receive an adult high school diploma or study for and take a General Education Development Test (GED).

41. Groves High School does not charge students tuition fees for enrollment in adult

education classes to receive a high school diploma or GED.

42. As of fiscal year 2021, hundreds of Delaware adults were enrolled in these programs. Specifically, 1,708 students were enrolled in adult education programs throughout the state. At least 1,332 of these students were over the age of 24 years old. 879 students were enrolled in programs at Groves High School, and 278 received high school diplomas. Upon information and belief, most of the students who received a high school diploma were over the age of 21 years old.

*Delaware Adult Education Annual Report FY21, Changing the Present and Transforming the Future*,

*https://www.doe.k12.de.us/cms/lib/DE01922744/Centricity/Domain/164/FY21%20Adult%20Ed%20Annual%20Report.pdf*.

43. The State of Delaware, Local Education Agencies, and the federal government spend millions of dollars annually for adult education in Delaware. For fiscal year ending June 30, 2022, the State of Delaware allocated at least $8,698,000 for adult education and at least $3,433,000 for Groves High School.

44. The State of Delaware, through DDOE, provides public education to adults who are between the ages of 21 and 22 years old.

45. The issue presented in this case has been litigated in the United States Courts of Appeals for the First, Second, and Ninth Circuits. All three appellate courts have held that because the state provided adults with high school education and high school diplomas, or courses to study for the GED, those states must also provide a FAPE to qualifying students with disabilities until they reach the age of 22 years old. *See E.R.K v. State of Hawaii Dep't of Educ.,* 728 F.3d 982 (9th Cir. 2013); *K.L. v. Rhode Island Bd. of Ed.*, 907 F.3d 639 (1st

Cir. 2018); *A.R. v. Conn. State Bd. of Ed.*, 5 F.4th 155 (2d Cir. 2021).

## CLASS ALLEGATIONS

46. Plaintiff S.E., through J.I., and Plaintiff J.H., through C.D., bring this action on their own behalf and on behalf of a class of all those similarly situated pursuant to Rule 23(b)(l) and 23(b)(2) of the Federal Rules of Civil Procedure. The proposed plaintiff class consists of:

> All individuals who were over 21 and under 22 within two years before the filing of this action, or will turn 21 during the pendency of this action, who are provided or were provided a FAPE under the IDEA by any LEA in the State of Delaware and who, but for turning 21, would otherwise qualify or would have qualified for a FAPE until age 22 because they have not, or had not yet, earned a regular high school diploma ("the Plaintiff Class").

47. Membership in the Plaintiff Class is so numerous that joinder of all members is impractical. There are hundreds of Delaware students who are receiving or have received a FAPE under the IDEA who are, or were during the applicable limitations period, between the ages of 21 and 22 and who but for their age would otherwise qualify or would have otherwise qualified for a FAPE until they reached the age of 22.

48. Common questions of law and fact exist, including the overarching issue of whether 14 Del. C. §3101(1) and (2) and 14 DE Admin. Code §923.1.2, and DDOE's enforcement of that statute and regulation as to Plaintiffs J.H. and S.E. and the Plaintiff Class, violate the IDEA.

49. The claims and injuries of S.E. and J.H. are typical of the claims and injuries of

the other members of the Plaintiff Class. As of October 2020, Plaintiff S.E. was denied a FAPE despite being otherwise eligible to receive a FAPE until his 22nd birthday on December 21, 2020. He was denied education for which he was otherwise qualified pursuant to the IDEA and from which he would have meaningfully benefited.

50. As of August 18, 2024, Plaintiff J.H. will be denied a FAPE because of his age. Because his birthday occurs in August, he will be denied a full year of education for which he otherwise qualifies pursuant to the IDEA and from which he would meaningfully benefit.

51. S.E. and J.H.'s injuries are the same injuries that other members of the Plaintiff Class have suffered, are suffering, or will imminently suffer unless this Court grants relief.

52. S.E. and J.H. through Plaintiffs J.I. and C.D., respectively, will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs intend to prosecute this action vigorously to secure remedies for the Plaintiff Class. Counsel of record for Plaintiffs has more than a decade of experience with special education litigation and has experience in class action litigation.

53. Certification of the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(l) because prosecution of separate actions by individual members of the Plaintiff Class against the DDOE may establish incompatible standards of conduct for the DDOE. If the claims brought in this action were litigated numerous times, it is possible that some members of the Plaintiff Class would be entitled to greater IDEA benefits than other members of the Plaintiff Class.

54. Certification of the Plaintiff Class is also appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the DDOE has acted or refused to act on grounds that apply generally to the Plaintiff Class and final injunctive or declaratory relief is appropriate

for the Plaintiff Class as a whole.

## FIRST CLAIM FOR RELIEF (VIOLATION OF THE IDEA)

55. Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

56. Under the IDEA, the DDOE is obligated to provide a FAPE to all individuals with disabilities until such individuals reach their 22nd birthday, unless to do so would be "inconsistent with State law or practice ... respecting the provision of public education to children" in that age range. 20 U.S.C. § 1412(a)(l)(B).

57. Providing students with disabilities in Delaware a FAPE until the age of 22 would not be inconsistent with any Delaware law or practice respecting the provision of public education in general to individuals over the age of 21.

58. 14 Del. C. §3101(1) and (2) and 14 DE Admin. Code §923.1.2 are not laws that relate to the provision of public education in general. Rather, they apply solely to special education students. There is no comparable law or regulation of general applicability that imposes an age limit of 21, or the end of the school year in which a student reaches the age of 21, for the entitlement to public education.

59. Delaware, as a matter of both law and practice, provides a public education to individuals over the age of 21. Delaware law requires the DDOE, and LEAs and other entities under DDOE's supervision and control, to provide adults a free public education, including secondary education. The DDOE complies with this legislative mandate by supervising the provision of various programs of adult education, including high school completion programs at the James H. Groves High School, which are intended to provide a secondary education for such adults and prepare them for post-secondary education and vocational opportunities.

60. These adult education programs are paid for with public funds, and programs for the completion of elementary and secondary education are required to be provided free of tuition.

61. Thus, the default age limitation of the IDEA applies because students without disabilities who are over the age of 21 in Delaware can still pursue the equivalent of a public high school education through the DDOE's adult education programs and the James H. Groves High school.

62. Plaintiffs S.E. and J.H. and the members of the Plaintiff Class are entitled to a FAPE until they reach the age of 22, and DDOE's refusal to provide Plaintiffs S.E. and J.H. and the members of the Plaintiff Class a FAPE violates the IDEA.

63. DDOE has also violated 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA.

64. DDOE has also violated 20 U.S.C. § 1412(11) by failing to ensure that the LEAs under the DDOE's supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(l)(B).

**WHEREFORE,** Plaintiffs pray that this Court:

(a) Find and declare that the DDOE's failure and refusal to provide Plaintiffs S.E. and J.H., and the members of the Plaintiff Class, with a FAPE on account of their age violates the IDEA;

(b) Find and declare that, by this conduct, the DDOE has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Find and declare that 14 Del. C. §3101(1) and (2) and 14 DE Admin. Code §923.1.2 are invalid and unenforceable as contrary to the IDEA to the extent they

impose an age limitation on eligibility for IDEA services that is less than 22 years of age;

(d) Award compensatory education to Plaintiff S.E. and members of the Plaintiff Class to the extent they have already been denied a FAPE unlawfully;

(e) Enjoin the DDOE from terminating a FAPE as to Plaintiff J.H. and the members of the Plaintiff Class who have not yet turned 22;

(f) Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

(g) Grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully,

 /s/ L. Lee Wentz
Lawrence Lee Wentz, Esq.
DE Bar ID No. 5106
521 N. West St.
Wilmington, DE  19801
(302) 319-3387
Fax: 1-877-784-0566
lee.wentz@lwentzlaw.com
*Attorney for Plaintiffs*

Date: March 31, 2022