IN UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

S.E., by his legal guardian J.I. )
J.H. by his legal guardian C.D., )
on behalf of a class of those similarly situated )
                                                   ) Civil Action No.
                           Plaintiffs, ) 1:22-cv-00429-RGA
               v. )
                                                   ) (Class Action)
Delaware Department of Education )
                                                   )
                                        Defendant. )
                                                               )

**ORDER ON MOTION FOR FINAL
APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT**

This litigation arose out of claims alleging that the Delaware Department of Education violated the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* ("IDEA") because, at the initiation of the case, Delaware law and the implementing regulations terminated the eligibility of students with disabilities to receive special education and related services at the end of the school year in which such student turned 21 years old.

The parties have filed for final approval of a settlement. The terms of the settlement are set forth in a Mutual Settlement Agreement and Release executed by Lawrence Lee Wentz, Class Counsel, and Dale Matusevich, Director, Exceptional Children Resources, Delaware Department of Education, and Kimberly Klein, Associate Secretary, Operations Support, Delaware Department of Education on June 9, 2023 (the "Settlement Agreement").

The Court, entered an Order dated November 27, 2023 (the "Preliminary Approval Order") preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(2), ordered individual notice to members of the Settlement Class, and scheduled a fairness hearing for February 7, 2024 (later rescheduled for March 14, 2024) that

provides potential members of the Settlement Class with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement.

The Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with this case, it is hereby ORDERED, ADJUDGED, and DECREED on this __14th__ day of __March__, 2024, as follows:

1. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement Agreement, including all exhibits thereto, and definitions included therein; (b) the briefs, certifications, and other materials filed in support of the settlement; (c) the record at the Fairness Hearing; and (d) the documents listed on the docket sheet or otherwise submitted to the Court. The terms used herein, unless otherwise specified, shall have the same meanings as set forth in the Settlement Agreement.

2. The parties' Joint Motion for Final Approval of Class Action Settlement is GRANTED, and the Settlement Agreement is APPROVED, based on the following findings:

   a. Adequate notice was provided, including first-class mail and postings to the plaintiffs' counsel's website and Defendant's website, to 47 families of potential class members – all that could be reasonably identified. In addition to being disseminated via first-class mail, the Notice Package was posted on Class Counsel's website and Defendant's website. The Full Notice Package apprised the Settlement Class of the litigation, terms of the Settlement Agreement, date and time of the

fairness hearing, their right to opt-out of the settlement, and their right to participate or object.

b. Because due, adequate, and the best practicable notice has been disseminated, and all Settlement Class members have been given the opportunity to exclude themselves from, or object to, the class action settlement, the Court has personal jurisdiction over all Settlement Class members. The Court has subject-matter jurisdiction over the claims asserted in the complaint pursuant to 28 U.S.C. §§1331 including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement, grant final certification to the Settlement Class, dismiss this action on the merits and with prejudice, and issue related orders. The Court finds venue is proper in this district pursuant to 28 U.S.C. §1391.

c. The class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(1), the Court finding that the Settlement Class fully satisfies all the applicable requirements for Fed. R. Civ. P. 23 and due process. The Settlement Class shall consist of, collectively, of:

1. All students eligible to receive special education and related services pursuant to the IDEA from a Delaware Public Agency as defined by 14 *Del. Admin. C.* §922.3.0; and

    a. who were not parentally placed in a private school or home school; and

    b. who reached the age of 21 during the 2019-2020 school year; and

    c. exited services at the end of the 2019-2020 school year because of their age without a regular high school diploma.

2. All students eligible to receive special education and related services pursuant to the IDEA from a Delaware Public Agency as defined by 14 *Del. Admin. C.* §922.3.0; and

   a. who were not parentally placed in a private school or home school; and

   b. who reached the age of 21 during the 2020-2021 school year; and

   c. who exited services at the end of the 2020-2021 school year because of their age, without a regular high school diploma, but excluding such students who:

      i. did not receive services pursuant to 14 *Del. C.* § 3101(2)(c) as approved June 3, 2021 and in effect through August 1, 2022, because the students' IEP teams determined that they did not require an additional year of services or the student refused additional services or was unresponsive to the offer of additional services; or

      ii. participated in Project SEARCH.

   d. The Court finds that only one class member specifically referenced in the Declaration of Counsel for Defendant, Carla Jarosz, Esq., and no other member of the Settlement Class, has submitted a timely and valid Opt-Out request and is therefore not bound by this Final Order and Judgment. This individual is, therefore, neither permitted to share in the benefits of the settlement nor bound by this Final Order. All other Settlement Class members are bound by the terms and conditions of the Settlement Agreement and this Final Order.

e. The proposed agreement is fair, adequate and reasonable, satisfying the prerequisites of Federal Rule of Civil Procedure 23(e), in that:

   i. The complexity, expense, and duration of litigation weigh in favor of the agreement. Absent settlement, lengthy discovery and litigation would ensue, followed by summary judgment motions and/or trial, and a potential appeal by the losing party. Additional hearings and/or negotiations on any remedy could follow if Plaintiffs were to prevail on the merits. Because of the age of the students in the Settlement Class, the value of the relief that can be obtained decreases over time because they are further removed from a school environment and less likely to utilize the compensatory education made available to them.

   ii. The reaction of the class to the settlement weighs in favor of approval. None of the families who received the notice objected, and only one family chose to opt out of the class settlement.

   iii. The stage of the proceedings weighs in favor of the settlement. After the initial pleadings, counsel engaged in settlement negotiations for more than one year. Both parties' counsel have experience with special education litigation and the remedies usually sought and awarded under the Individuals with Disabilities Education Act. Plaintiffs and their counsel had adequate knowledge to assess the merits of the case, and potential remedies, so they could make an informed decision about the adequacy of the Settlement Agreement.

iv. The risks of establishing liability weigh in favor of approval. There are inherent risks in all litigation, and Defendant would have a right to appeal any liability judgment. Further, while Plaintiffs might have secured relief if they ultimately prevailed after trial and appeal, Plaintiffs might not have secured the precise relief now available under the Settlement Agreement.

v. The risks of establishing damages weighs in favor of approval because the compensation that the settlement offers is likely at or near the maximum that plaintiffs can receive.

vi. The risk of maintaining a class action, a risk in any such case, favors approval of the settlement.

vii. The ability of the Defendant to withstand a greater judgment does not, alone, undermine the reasonableness of the settlement. The Defendant is not seeking to limit the judgment based any supposed inability to pay.

viii. The range of reasonableness of the settlement in light of the best recovery and attendant risks of litigation weigh in favor of approval. The Settlement Agreement afford Plaintiffs and class members relief addressing each core concern raised in the Complaint that had not already been addressed by the Defendant during the course of the litigation, and given the attendant risks of litigation, including but not limited to risks on the merits and delays accompanying further litigation, the Agreement's benefits to class members are significant and weigh heavily in favor of final approval.

3. The terms of the Settlement and of this Final Order shall be forever binding on Plaintiffs, Defendant, and all Settlement Class Members who have not opted out, as well as their

respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that are encompassed by the release of claims set forth in paragraph 24 of the Settlement Agreement (the "Release").

4. The Release is expressly incorporated herein in all respects and is effective as of the date of this Final Order. The Release forever discharges the Defendant Delaware Department of Education from any claims or liabilities based on the released claims set forth in the Release (the "Released Claims"). Plaintiffs and all Settlement Class members have conclusively compromised, settled, dismissed, and released any and all Released Claims against the Defendant. Plaintiff and all Settlement Class members, whether or nor they make a claim within the time and in the manner provided for, are barred from asserting any Released Claims against the Defendant.

5. Nothing in this Final Order shall preclude any action to enforce the terms of the Settlement Agreement, including those relating to participation in any of the processes detailed in the Settlement Agreement.

6. Nothing in this Final Order shall preclude the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (1) shall be consistent in all material respects with the Final Order, and (2) do not limit the rights of the Parties or Settlement Class members.

7. Class counsel is hereby awarded attorney's fees and reimbursement of costs in the amount of $47,859 for attorney's fees incurred before February 14, 2024, which amount is approved as fair and reasonable pursuant to Fed R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement. The Court finds that the above-stated award of attorney fees is fair and reasonable in consideration of, among other things, the efforts of class counsel and the settlement achieved for the Settlement Class, and that the amount of fees and costs is reasonable and was reasonably incurred in the course of the litigation.

8. Within 60 days of this Order, Class counsel may submit a motion for additional attorney's fees and costs reasonably incurred after February 14, 2024.

9. The Court shall retain jurisdiction over this case for purposes of interpretation and enforcement of the Settlement Agreement as set forth therein.

10. This Action is hereby dismissed on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 3/14/24

BY THE COURT:

*Richard G. Andrews*
Hon. Richard G. Andrews
District of Delaware